IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHARA DIANNE CUMPTON,

                Plaintiff,

v.

ROBERT J. WONNELL, et al.,

                Defendants.

Case No. 25-2619-DDC-TJJ

**MEMORANDUM AND ORDER**

Before the court is United States Magistrate Judge Teresa J. James's Report and Recommendation (Doc. 14). Magistrate Judge James recommends that the court dismiss this case for lack of subject matter jurisdiction and deny plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 9). Doc. 14 at 10. Plaintiff Shara Dianne Cumpton[1] received notice of her right to file an objection to Judge James's Report and Recommendation within 14 days of its service under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. *Id.* at 1. The Report and Recommendation also explained that plaintiff must file any objections within the 14-day period to secure appellate review. *Id.*

The Clerk sent a copy of the Report and Recommendation to plaintiff by regular mail, using the address plaintiff had provided to the court. *Id.* Service of the Report and Recommendation was accomplished by "mailing it to [plaintiff's] last known address—in which event service [was] completed upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *ReVoal v. Brownback*,

---

[1] Because plaintiff appears pro se, the court construes her pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't assume the role of her advocate. *Id.*

No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014). "Mailing" occurred on November 14, 2025, when the Clerk mailed the Report and Recommendation to plaintiff. *See* Doc. 14. Thus, the time for plaintiff to file an objection expired on November 28, 2025.

That deadline passed, and plaintiff has not filed any objection. Nor has plaintiff sought to extend the time to object. And so, the court now can accept, adopt, and affirm the Report and Recommendation. And it does so. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Garcia v. City of Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000) (explaining under Fed. R. Civ. P. 72(b) a district court must make a de novo determination only for those portions of the report and recommendation to which a party specifically has objected).[2]

Having reviewed plaintiff's Complaint (Doc. 1) and Magistrate Judge James's Report and Recommendation (Doc. 14), the court adopts Magistrate Judge James's recommendation and dismisses plaintiff's Complaint (Doc. 1). The court also denies plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 9). And the court directs the Clerk of the Court to close this case.

---

[2]  Plaintiff filed a motion objecting to dismissal of her case under § 1915(e)(2)(B). Doc. 10 at 2–3. This filing isn't an objection to the Report and Recommendation because plaintiff filed it before Magistrate Judge James filed the Report and Recommendation. And even if the court treated plaintiff's filing as an objection, it doesn't lodge any specific objection to Magistrate Judge James's legal reasoning and ruling that the court lacks subject matter jurisdiction under *Younger* or *Rooker-Feldman* abstention. Plaintiff thus has failed to preserve any issue for the court's de novo review. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); *see also Adargo v. U.S. Parole Comm'n*, 26 F. App'x 795, 797 (10th Cir. 2001) ("Objections to the magistrate's report must be specific enough to focus the district court's attention on the factual and legal issues in dispute.").

As a final housekeeping matter, the court addresses two outstanding motions and an objection. The court denies plaintiff's "Motion in Equity for Leave to Deposit in the Court Registry" (Doc. 6). Because the court has dismissed the Complaint, this motion is now moot and the court denies it on this basis. Relatedly, the court directs the Clerk to unseal Doc. 6. Plaintiff didn't comply with our court's sealing rule, D. Kan. Rule 5.4.2. Nor has she carried her burden to justify sealing this document from public view. *See Luo v. Wang*, 71 F.4th 1289, 1304 (10th Cir. 2023) ("A party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records." (quotation cleaned up)).

The court also denies plaintiff's "Motion for Leave to File Out of Time Requests" (Doc. 10). This motion asked for leave to file untimely objections to a previous sealing order Magistrate Judge James issued. *Id.* at 3. But plaintiff timely objected to that sealing order. Doc. 12 (filed on November 12, 2025, and objecting to Order filed on October 31, 2025). The court thus denies plaintiff's Motion for Leave to File out of Time Requests (Doc. 10) as moot.

Finally, the court overrules plaintiff's objections to Magistrate Judge James's Order (Doc. 8), which denied plaintiff's Motion to Seal Case (Doc. 5). Doc. 12. Because a sealing order isn't dispositive, the court applies a "'clearly erroneous or contrary to law'" standard of review. *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

The crux of plaintiff's motion is difficult to discern. As the court understands it, plaintiff believes that the court should seal confidential materials, including her "private trust instruments[.]" Doc. 12 at 3. Candidly, the court has no idea what plaintiff means. Plaintiff

attached a series of documents to her Complaint, including a document purporting to bear Secretary of State Marco Rubio's signature and another purporting to show the signature of Kansas Secretary of State Scott Schwab's signature. Doc. 1-1 at 1–3; Doc. 1-2 at 1. Plaintiff also attached two copies of her birth certificate. Doc. 1-2 at 3–4. But plaintiff hasn't explained why any of these documents merits sealing. *See generally* Doc. 12. Her demands for sealing are conclusory, which furnishes an additional basis for rejecting them. What's more, plaintiff hasn't identified why Magistrate Judge James's legal reasoning was clearly erroneous. Magistrate Judge James correctly explained that plaintiff has failed to carry her heavy burden to justify sealing this entire case—or any part of it. Doc. 8 at 2–3. The court thus overrules plaintiff's objections to Magistrate Judge James's Order (Doc. 8).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Complaint (Doc. 1) is dismissed without prejudice. The court directs the Clerk of Court to close this case.

**IT IS FURTHER ORDERED THAT** the Report and Recommendation issued by United States Magistrate Judge Teresa J. James on November 14, 2025 (Doc. 14) is **ACCEPTED**, **ADOPTED, and AFFIRMED**.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 9) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion in Equity for Leave to Deposit in the Court Registry (Doc. 6) and Motion for Leave to File Out of Time Requests (Doc. 10) are denied as moot. The court directs the Clerk to unseal Doc. 6.

**IT IS FURTHER ORDERED THAT** plaintiff's objections to Magistrate Judge James's Order (Doc. 8) are overruled.

**IT IS SO ORDERED.**

**Dated this 8th day of January, 2026, at Kansas City, Kansas.**

<pre>                                        <u>s/ Daniel D. Crabtree        </u>
                                        **Daniel D. Crabtree**
                                        **United States District Judge**</pre>